UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

Plaintiff, Case No. 3:26-cr-19

vs.

FREDDIE LEE MATTHEWS, III, District Judge Michael J. Newman

Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (Doc. No. 21)**

---

In this felony criminal case, Defendant Freddie Lee Matthews, III has been charged with knowing and intentional possession with intent to distribute Schedule II Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)–(C); knowing possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and knowing possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. No. 4. Before the Court is Defendant's motion to suppress, filed through counsel, wherein he also requests an evidentiary hearing. Doc. No. 21. The Government filed a response in opposition. Doc. No. 24. Defendant has not filed a reply and the time for doing so has passed. For the reasons set forth below, the Court denies Defendant's request for a hearing and denies the motion to suppress.

**I.**

Defendant contends the affidavit attached to the warrant application is insufficient to demonstrate probable cause to support the search of 1947 Kensington Drive in Dayton, Ohio (the "Kensington Residence"). Doc. No. 21 at PageID 93–94. Defendant further argues "that the

warrant in this case was so lacking in probable cause regarding the nexus to 1947 Kensington Drive that it cannot survive the good faith exception." *Id.* at PageID 94.

**II.**

The Fourth Amendment, applicable to state officers through the Fourteenth Amendment, *see United States v. Reed*, 993 F.3d 441, 446 (6th Cir. 2021), forbids "unreasonable searches and seizures" and provides, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "[P]robable cause exists when an affidavit shows a 'fair probability' that criminal evidence will be found in the place to be searched." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021). "Great deference" extends to the issuing judge's probable cause determination. *Id.* The required analysis considers "the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *Id.* (citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)). *Accord United States v. Christian*, 925 F.3d 305, 311–12 (6th Cir. 2019) (*en banc*) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (clarifying the district court must employ "great deference" when considering the issuing judge's probable cause determination and should "overturn that decision only if the [issuing judge] arbitrarily exercised [the judge's] authority")).

An evidentiary hearing on a motion to suppress is required "only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that *contested issues of fact* going to the validity of the search are in question." *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (emphasis in original) (citation omitted). "A defendant is not entitled to an evidentiary hearing where is arguments are 'entirely legal in nature.'" *United States v. Lawhorn*, 467 F. App'x 493, 495 (6th Cir. 2012) (quoting *United States v. Knowledge*,

418 F. App'x 405, 408 (6th Cir. 2011)). "Challenges to the existence of probable cause . . . are questions of law." *Id.* (citing *Abboud*, 438 F.3d at 577).

**III.**

Having carefully reviewed the parties' arguments, the affidavit, and the search warrant, the Court finds that Defendant's motion to suppress lacks merit. As a threshold issue, the Court reaches its conclusion based on the "four corners of the affidavit" and without an evidentiary hearing. *See e.g.*, *United States v. Brown*, 828 F.3d 375, 381 (6th Cir. 2016) (quoting *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009)). While Defendant challenges the existence of probable cause, he does not dispute any of the facts contained in the affidavit. *See* Doc. No. 21. Such an argument is "entirely legal in nature," and an evidentiary hearing is therefore unnecessary. *Cf. United States v. Ickes*, 922 F.3d 708, 712–13 (6th Cir. 2019) (citing *Abboud*, 438 F.3d at 577).

Assuming, *arguendo*, that Defendant has standing to raise the concerns here at issue, the affidavit sets forth ample indicia of probable cause; is sufficiently particular as to the place to be searched; demonstrates the required "probable cause nexus," *see United States v. Sanders*, 106 F.4th 455, 460–61 (6th Cir. 2024) (*en banc*); and is neither vague nor conclusory. *See id.* at 462 (citing *D.C. v. Wesby*, 583 U.S. 48, 57 (2018), and noting that "probable cause is not a 'high bar'"). To that end, the affidavit contains numerous detailed facts linking the Kensington Residence to ongoing drug trafficking activity. This is therefore not a "bare bones" warrant that merits striking—it is based on an affidavit that describes a corroborated tip, separate information from a reliable informant, and two controlled buys at the Kensington Residence. *Cf. United States v. Peterson*, No. 23-1413, 2024 WL 4616079, at *3 (6th Cir. Oct. 30, 2024). Moreover, even if the Court were to now find the warrant lacking—which it does not—the officers relied in good faith

on the search warrant at issue and the good faith exception would apply. *United States v. Leon*, 468 U.S. 897, 922–24 (1984).

**IV.**

For the reasons articulated above, Defendant's motion to suppress is **DENIED**. Doc. No. 21.

**IT IS SO ORDERED.**

November 3, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge